IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KITSON BROOMFIELD JARVIS,          :
                                   :
         Petitioner,               :
                                   :
    vs.                            :          CIVIL ACTION NO.: CV207-083
                                   :
DEBORAH A. HICKEY, Warden,         :
                                   :
         Respondent.               :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kitson Broomfield Jarvis ("Petitioner"), an inmate currently incarcerated at the Federal Correctional Institute in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Government filed a Response, and Petitioner filed a Traverse. For the reasons which follow, the petition should be **DENIED**.

## STATEMENT OF THE CASE

Petitioner was sentenced to 220 months' imprisonment by the District of the Virgin Islands after being convicted of possession with intent to distribute a controlled substance in violation of 28 U.S.C.A. § 841(a)(1). (Doc. No. 1-3, pp. 1-2). On appeal, the Third Circuit affirmed Petitioner's conviction and sentence. See United States v. Riviere, 185 F.3d 864 (3d Cir. 1999). On September 27, 2000, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the District of the Virgin Islands. (Doc. No. 1-3, pp. 31-36). Therein, he challenged his sentence on grounds of ineffective assistance of counsel, due process and equal protection

AO 72A
(Rev. 8/82)

violations, and sentencing errors. The District Court denied Petitioner's motion on September 18, 2002. (Doc. No. 1-3, pp. 3-10). Petitioner filed this § 2241 petition on June 29, 2007, challenging his conviction on due process grounds and his sentence on grounds that it was rendered in violation of the notice requirements of Burns v. United States, 501 U.S. 129, 111 S. Ct. 2182, 115 L. Ed. 2d 123 (1991). (Doc. No. 1). Petitioner asserts that while his allegations constitute a collateral attack of his federal conviction and sentence normally brought pursuant to § 2255, he should be able to proceed under § 2241 by virtue of the "savings clause," as § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255, ¶ 5. The Government contends that the savings clause is inapplicable to Petitioner's claims and that the petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Petitioner's allegations clearly attack the legality of his conviction and sentence. Ordinarily, a collateral attack of a federal conviction and sentence must be filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). The so-called "savings clause" of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has

> failed to apply for relief, by motion, to the court which
> sentenced him, or that such court has denied him relief,
> *unless it also appears that the remedy by motion is*
> *inadequate or ineffective to test the legality of his*
> *detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis added). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (finding § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (finding § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (finding § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (finding § 2255 remedy ineffective where sentencing court was abolished).

None of these circumstances exist in the case *sub judice*. Petitioner contends that the Government "misled the § 2255 court with respect to the facts and the prevailing law." (Doc. No. 1, p. 16). Petitioner further alleges that the court itself failed to properly consider certain of his pleadings, and failed to make correct determinations on the merits of his claims. Petitioner contends that these errors render § 2255

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

inadequate or ineffective to test the legality of his detention. In this case, Petitioner apparently seeks to relitigate the same factual and legal issues already presented by his § 2255 motion. This Court is simply without jurisdiction to conduct another inquiry into the same claims under § 2241. The denial of Petitioner's § 2255 motion, whether or not he deems it correct, does not render § 2255 an inadequate or ineffective remedy. Petitioner cannot satisfy his burden of demonstrating the ineffectiveness of § 2255 by only showing that his § 2255 motion was unsuccessful. Accardi, 412 F.2d at 914. "If that were the rule, any adverse determination by one court of a section 2255 application would be reviewable by another court in a habeas corpus proceeding. Obviously, such a result was not intended by Congress when it drafted section 2255." Stirone, 345 F.2d at 474. Petitioner has presented no other evidence demonstrating the inadequacy of § 2255.[2]

Petitioner has failed to establish that § 2255 is an inadequate or ineffective remedy so as to avail himself of § 2255's savings clause. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Prior to filing the instant action, Petitioner filed a § 2255 motion in the District of the Virgin Islands. Petitioner's Traverse argues primarily that his application would not constitute a second or successive § 2255 motion because the claims he raises were not previously resolved on their merits. Whether his claims, presented before the proper court in a petition brought under the appropriate statute, would be barred as successive is not the concern of this Court. Because he does not satisfy the savings clause of § 2255, Petitioner fails

---

[2] While a retroactively applicable Supreme Court decision affecting the validity of a sentence may be the proper basis for a habeas proceeding by means of the savings clause, Petitioner has failed to allege any such retroactively applicable decision.

to state a claim cognizable under § 2241. His collateral attack on the validity of his sentence *must* be brought under § 2255 in the district court of conviction. If his claims are indeed successive, Petitioner cannot circumvent the procedural requirements of § 2255 motions by styling his action as a petition for habeas corpus filed pursuant to § 2241. Before Petitioner can file a successive § 2255 motion in a district court, 28 U.S.C.A. § 2244(b)(3)(a) requires that he move the appropriate Court of Appeals for an order authorizing the district court to hear the petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Petition for Writ of Habeas Corpus be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _15_ day of January, 2008.


JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE