FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 APR 22 AM 10: 57
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KITSON BROOMFIELD JARVIS,

Petitioner,

vs.

CIVIL ACTION NO.: CV207-083

DEBORAH A. HICKEY, Warden,

Respondent.

## ORDER

After an independent review of the record, the Court concurs with the recommendation of the Magistrate Judge that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed. In his Report and Recommendation, the Magistrate Judge determined that Petitioner's claims were in the nature of those required to be brought as a motion under 28 U.S.C.A. § 2255, and that Petitioner was not entitled to proceed under § 2241 by way of the "savings clause." See 28 U.S.C. § 2255(e).

Petitioner has filed Objections to the Report and Recommendation, wherein he contends that § 2255 was rendered inadequate and ineffective because the sentencing court failed to address three claims presented in his § 2255 motion. Specifically, Petitioner asserts that the Court failed to rule on claims relating to: 1) ambiguity of a constructive possession jury instruction in violation of due process, and ineffective assistance of counsel in failing to object to said instruction; 2) failure of the government at trial to inform Petitioner and jury of an agreement between local and federal officials

and a government witness; and 3) defense counsel's failure to appeal the sentence based on the sentencing court's violation of the notice requirements of Burns v. United States, 501 U.S. 129, 111 S. Ct. 2182, 115 L. Ed. 2d 123 (1991). Petitioner contends that despite having properly raised these issues in his § 2255 petition, the sentencing court failed to fully address them, and that as a result, § 2255 has been rendered "inadequate and ineffective" so as to entitle him to proceed under § 2241.

Because Petitioner's claims clearly and admittedly go to the legality of his federal conviction and resulting sentence, such a collateral attack must ordinarily be filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). The "savings clause" of § 2255, however, allows a prisoner to proceed under § 2241 where it "appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C.A. § 2255(e). Accordingly, this Court may entertain Petitioner's § 2241 petition only if he establishes that the remedy provided by § 2255 is inadequate or ineffective. "The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner." McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[1]

Where a prisoner has previously filed a § 2255 motion in the sentencing court, as Petitioner has so done, he must apply for and receive permission from the appropriate Court of Appeals to file a successive § 2255 motion in the district of conviction. 28 U.S.C.A. § 2244(b)(3)(a). This restriction, according to the Eleventh Circuit, does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Wofford v. Scott, 177 F.3d 1236, 1244-45 (11th Cir. 1999). Prisoners cannot simply circumvent the requirements for § 2255 motions by styling their petitions for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003).

Section 2255 is considered inadequate and ineffective under the savings clause only when: 1) the "claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. In order to apply the savings clause, all three of these criteria must be met, and this occurs only in the narrowest of circumstances. Id. Petitioner may not argue and this Court may not consider the merits of his claim until he "open[s] the portal" to a § 2241 proceeding by establishing that the savings clause applies to his claim. Id. at 1244, n.3.

In the case *sub judice*, the Magistrate Judge correctly concluded that Petitioner is barred from proceeding under § 2241 because he does not meet each of Wofford's prerequisites for invoking the savings clause. Petitioner has failed to identify any retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he could not have brought his claim earlier. Indeed, Petitioner does not even attempt to establish these criteria. The record makes clear that Petitioner had the opportunity to present his claims before the United States District Court for the District of the Virgin Islands in his properly filed § 2255 motion.

AO 72A
(Rev. 8/82)

As discussed, the savings clause does not exist to enable prisoners to escape the procedural restrictions of the AEDPA. Wofford, 177 F.3d at 1245. It is not triggered merely because the prisoner has been unable to obtain relief under § 2255 or because he is procedurally barred from filing a § 2255 motion. As noted, Petitioner contends that the sentencing court failed to fully adjudicate all the claims of his previous § 2255 motion. However, to the extent that the § 2241 petition attacks the integrity or correctness of the judgment of that Court denying Petitioner relief, it remains outside the jurisdiction of this Court. Such claims are more properly presented in a motion brought under FED. R. CIV. P. 60(b)(4) filed in the United States District Court for the District of the Virgin Islands. See Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648, 162 L. Ed. 2d 480 (2005) (noting that a Rule 60(b) motion attacking a defect in the integrity of the district court's proceedings, as opposed to the substance of the court's resolution of a claim on the merits, does not present a "claim" for purposes of AEDPA requirements).

Petitioner's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of this Court. The § 2241 petition for habeas corpus is hereby **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 22 day of April, 2008.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA